## Commonwealth v. Cooperman

*Carlon M. O'Malley* and *Thomas J. Foley, Jr.*, for Commonwealth.

*Zygmunt Bialkowski*, for defendant.

EAGEN, J., May 27, 1955.—We are here concerned

with an appeal from a summary conviction and a motion to dismiss the proceedings.

Defendant is charged with violating the Act of April 24, 1913, P. L. 114, secs. 1 and 2, 43 PS §251, which provides as follows:

". . . unless otherwise stipulated in the contract of hiring, each person, firm, or corporation employing any person, other than at an annual salary, shall pay to such person his or her earnings or wages semi-monthly. The first payment shall be made between the first and fifteenth day of each month, and the second payment shall be made between the fifteenth and the last day of each month.

". . . Any person, firm, or corporation that shall violate any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof before any alderman, magistrate, or justice of the peace of the proper county shall be sentenced to pay a fine not exceeding one hundred dollars ($100)."

The proof discloses that defendant was engaged in the dress manufacturing business in the Borough of Throop, Lackawanna County, and defaulted in the payment of wages due several employes. A written contract of hire entered into by the union representing the employes and the management was in effect at the time and provided for wages due to be paid weekly. However, this particular provision of the contract was never adhered to and by tacit acquiescence the wages due and paid before the default were paid every two weeks.

While we have the greatest sympathy for working people, who do not receive the fruits of their labors and none at all for an individual or corporation, who runs out on faithful employes, the facts disclosed by the testimony do not bring the situation within the purview of the statute under which this prosecution was instituted. As pointed out by this court previously

in an opinion by Judge Hoban, Commonwealth v. Muller, 39 Lack. Jur. 55:

". . . the Act clearly restricts its operation to cases where there is no stipulated period for the payment of wages in the contract of hiring. The operation of the Act can be entirely avoided by prescribing in the contract of hiring for the payment of wages at intervals upon which the parties may agree. See Commonwealth v. Hause, 25 Delaware County Reports 429.

". . . The mere fact that an employer fails to pay wages when they are due will not call the statute into operation. Commonwealth v. Lipschutz, 19 D. & C. 415. To hold otherwise would be to lend the aid of the courts to the collection of debts in the form of wage claims by the fear of prosecution, and the failure to pay wages when due is not yet a crime in Pennsylvania."

We hope that there are other proceedings which may be pursued successfully by the unpaid employes to obtain the wages due them.

Now, May 27, 1955, the proceedings are dismissed. The County of Lackawanna is directed to pay the costs.